**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

JEREMIAH STONE,

                      **Plaintiff,**

  vs.                                            1:13-cv-00890
                                                          (MAD)

CAROLYN W. COLVIN,
*Acting Commissioner of Social Security*,

                      **Defendant.**
_____

**APPEARANCES:**                              **OF COUNSEL:**

**PETER M. MARGOLIUS**              **PETER M. MARGOLIUS, ESQ.**
**ATTORNEY AT LAW**
7 Howard Street
Catskill, New York 12414
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **VERNON NORWOOD, ESQ.**
Office of General Counsel
26 Federal Plaza, Room 3904
New York, New York 10278
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On July 30, 2013, Plaintiff Jeremiah Stone commenced this action pursuant to 42 U.S.C. § 405(g), seeking review of the Commissioner of Social Security's decision to deny Plaintiff's applications for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). *See* Dkt. No. 1. Presently before the Court are the parties' respective motions for judgment on the pleadings. *See* Dkt. Nos. 11, 12.

## II. BACKGROUND

Plaintiff filed an application for SSI on September 7, 2010 and an application for DBI on September 21, 2010, both alleging a disability onset date of June 26, 2010. Administrative Record ("R.") at 112-17. On November 30, 2010, Plaintiff's applications were concurrently denied. *Id.* at 65. After a requested hearing, an Administrative Law Judge ("ALJ") denied Plaintiff's claims for benefits on December 1, 2011. *See id.* at 19-35. Plaintiff requested review by the Appeals Council, which review was denied on May 31, 2013, thereby making the ALJ's denial the final decision of the Commissioner of Social Security. *Id.* at 1-18.

At the time of hearing, Plaintiff was thirty-two years old, with a high school education by way of an Individualized Education Program ("IEP") diploma, and had past work experience as a cleaner. *See id.* at 24-26, 112. The record evidence in this case is undisputed. *See* Dkt. No. 11 at 2-3; Dkt. No. 12 at 2-6 ("The Commissioner incorporates plaintiff's statement of facts . . . , with the exception of any inferences, arguments, or conclusions contained therein . . . ."). Therefore, the Court adopts the parties' factual recitations, with the exceptions of the factual recitations in paragraph 9, items 7 and 9 of the Plaintiff's motion for judgment on the pleadings, which contradict the evidence of record.[1]

---

[1] Paragraph 9, item 7 states that Plaintiff's date of birth is January 24, 1992 and that Plaintiff was eighteen years old on the alleged disability onset date. Dkt. No. 1 at ¶ 9. Evidence in the record establishes that Plaintiff's date of birth is in fact September 3, 1979; therefore, Plaintiff was thirty years old on the alleged disability onset date. *See* R. at 39, 112, 116. Paragraph 9, item 9 states: "Transferability of job skills is not an issue because the claimant does not have past relevant work . . . ." Dkt. No. 1 at ¶ 9. The record establishes that Plaintiff has past relevant work as a cleaner. R. at 30.

## III. DISCUSSION

**A.     Standard of Review**

For purposes of both DIB and SSI, a person is disabled when he is unable "to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step analysis for evaluating disability claims:

> "In essence, if the Commissioner determines (1) that the claimant is not working, (2) that he has a 'severe impairment,' (3) that the impairment is not one [listed in Appendix 1 of the regulations] that conclusively requires a determination of disability, and (4) that the claimant is not capable of continuing in his prior type of work, the Commissioner must find him disabled if (5) there is not another type of work the claimant can do." The claimant bears the burden of proof on the first four steps, while the Social Security Administration bears the burden on the last step.

*Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003) (quoting *Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir. 2002)).

In reviewing a final decision by the Commissioner under 42 U.S.C. § 405, the Court does not determine *de novo* whether a plaintiff is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Court must examine the Administrative Transcript to ascertain whether the correct legal standards were applied and whether the decision is supported by substantial evidence. *See Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000); *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). "Substantial evidence" is evidence that amounts to "'more than a mere scintilla,'" and it has been defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"

3

*Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and "may not substitute its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health and Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.    The ALJ's Decision**

At step one of the sequential evaluation, the ALJ found that Plaintiff had engaged in substantial gainful activity since June 26, 2010, the alleged onset date. R. at 24-25. However, because "it [was] unclear if the claimant's earnings in the third quarter of 2011 [would] rise to the level of substantial gainful activity," the ALJ continued the sequential analysis. *Id.* at 25. At the second step, the ALJ determined that Plaintiff had the following severe impairments: type two diabetes, diabetic neuropathy, and learning disorder. *Id.*[2] At step three, the ALJ concluded that Plaintiff's impairment or combination of impairments did not meet or medically equal the severity of an impairment listed in the Listing of Impairments at 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 26. The ALJ specifically considered the criteria of Listing 12.05 (intellectual disability).

---

[2] The ALJ also found that the record did not support a medically determinable impairment related to Plaintiff's allergies. *Id.* at 26.

4

*Id.* at 26-27.[3]  The ALJ then found that Plaintiff had the residual functional capacity ("RFC") to perform the exertional requirements of light work as defined in 20 C.F.R. § 404.1567(b) and 20 C.F.R. § 416.967(b), "except that [Plaintiff] can stand/walk for four hours and sit six hours in an eight-hour workday and lift 20 pounds occasionally," and limited Plaintiff to unskilled work activity. *Id.* at 27.  At the fourth step, the ALJ concluded that Plaintiff was able to perform past relevant work as a cleaner as Plaintiff performed the job. *Id.* at 30.[4]  Therefore, the ALJ concluded that Plaintiff was not under a disability as defined by the Social Security Act. *Id.*

**C.    Analysis**

In his motion for judgment on the pleadings, Plaintiff argues that: (1) the ALJ's finding that Plaintiff engaged in substantial gainful activity after June 26, 2010 is unsupported by substantial evidence; (2) the ALJ erred in her determination that Plaintiff's cognitive impairments do not meet or medically equal the requirements of Listing 12.05; (3) the ALJ's RFC determination is unsupported by substantial evidence because the ALJ erred by according inadequate weight to the opinion from consultative examiner Dr. Brand and by failing to adequately consider Plaintiff's visual impairment; and (4) the ALJ's finding that Plaintiff is capable of performing past relevant work as a cleaner is unsupported by substantial evidence. *See* Dkt. No. 11 at 3-8.

---

[3] The ALJ also determined that Plaintiff's impairments did not meet or medically equal the severity of Listing 9.08 (endocrine disorders) without discussion of the relevant criteria. *See id.* at 26.

[4] Although the ALJ was not required to address step five once she determined that Plaintiff was able to perform past relevant work, the ALJ nonetheless noted that Plaintiff's RFC "result[ed] in an ability to perform a wide range of full time, sedentary, unskilled jobs, which [Plaintiff] would be able to perform."

5

### *1. Substantial Gainful Activity*

Substantial gainful activity is defined as "work activity that is both substantial and gainful." 20 C.F.R. § 404.1572. 20 C.F.R. § 404.1574(b) sets forth a guide for evaluating whether a benefits claimant has engaged in substantial gainful activity, based on the claimant's average monthly earnings. 20 C.F.R. § 404.1574(b); *see also Conley v. Bowen*, 859 F.2d 261, 264-65 (2d Cir. 1988) (explaining the criteria prescribed by regulation for evaluating whether services performed by an individual rise to the level of substantial gainful activity).

Here, the ALJ concluded that Plaintiff engaged in substantial gainful activity after the alleged onset date of June 26, 2010 because "in the second quarter of 2011, [Plaintiff]'s total earnings were $3,121.00, which is above the substantial gainful activity level" set for 2011. R. at 24-25. However, as Plaintiff contends in his motion for judgment on the pleadings, the only evidence in the record of Plaintiff's earnings after the first quarter of 2011 is a single pay stub dated November 3, 2011, showing year-to-date total earnings of $8,660.00. *See* Dkt. No. 11 at 8; R. at 118-41. The pay stub does not provide any evidence of how Plaintiff's total earnings were divided. *Id.* at 141. The ALJ did not cite to the administrative record or otherwise explain where the $3,121.00 figure for the second quarter of 2011 originated. *See* R. at 24-25. In its cross-motion for judgment on the pleadings, the Commissioner contends that "the ALJ determined that . . . Plaintiff had not engaged in substantial gainful activity during the relevant period." Dkt. No. 12 at 8-9. The Court therefore finds that the ALJ's finding that Plaintiff engaged in substantial gainful activity after June 26, 2010 is not supported by substantial evidence.

### *2. Listing 12.05(C)*

Impairments listed in Appendix 1 of the Regulations (the "Listings") are "acknowledged by the [Commissioner] to be of sufficient severity to preclude" substantial gainful activity. *Dixon*

*v. Shalala*, 54 F.3d 1019, 1022 (2d Cir. 1995) (quoting *Dixon v. Heckler*, 785 F.2d 1102, 1103 (2d Cir. 1981)). Accordingly, a claimant who meets or equals a Listing is "conclusively presumed to be disabled and entitled to benefits." *Id.*; *see also* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii) ("If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled.").

The claimant bears the burden of establishing that his or her impairments match a Listing or are equal in severity to a Listing. *See Naegele v. Barnhart*, 433 F. Supp. 2d 319, 324 (W.D.N.Y. 2006) ("It must be remembered that plaintiff has the burden of proof at step 3 that she meets the Listing requirements."). To satisfy the criteria of Listing 12.05, a claimant must show "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e. . . . before age 22" and demonstrate the required level of severity by meeting the requirements of subsection A, B, C, or D. 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 12.05. Subsection C of the Listing requires the claimant to demonstrate (1) "[a] valid verbal, performance, or full scale IQ of 60 through 70" and (2) "a physical or other mental impairment imposing an additional and significant work-related limitation of function." *Id.*

In this case, Dr. Nancy Schafer, a school psychologist, performed IQ testing in May 1996, when Plaintiff was sixteen years old. The results of the Wechsler Scales of Intelligence (WISC III) indicated a verbal IQ of 62, a performance IQ of 54, and a full scale IQ of 54. R. at 143-46. The ALJ apparently found these IQ scores invalid, noting that "Dr. Schafer determined that the results were a low estimate of [Plaintiff's] cognitive abilities." *Id.* at 26, 144 ("These results should be considered as a low estimate of [Plaintiff]'s cognitive potential due to the high degree of

7

inter and intratest variability, as well as indications of higher potential on other cognitive instruments.") The ALJ then looked to Plaintiff's prior IQ testing results, obtained in 1992, which indicated a verbal IQ of 70, a performance IQ of 67, and a full scale IQ of 67. *Id.* at 146. The ALJ appeared to find these IQ scores valid, stating that "Prior IQ scores were in the 60s and 70 range." *Id.* at 26.[5] Plaintiff thus satisfied the first prong of subsection C.

As to the second prong of subsection C, requiring "a physical or other mental impairment imposing an additional and significant work-related limitation of function," the ALJ did not directly address this requirement, but apparently found that it had not been met after considering Plaintiff's ability to graduate high school with an IEP diploma, "take care of his daily needs," and "perform a variety of activities . . . including . . . substantial gainful activity prior to his alleged onset date." *Id.*[6]

Although the Second Circuit has not yet ruled on the proper test for evaluating whether a claimant's physical or other mental impairments impose an additional, significant work-related limitation of function, the district courts of the Second Circuit "have adopted the approach taken by the First, Eighth and Tenth Circuits holding that a limitation other than low IQ is 'significant' if the claimant suffers from an additional physical or other mental impairment that is 'severe' as that term is defined at step two of the Commissioner's sequential analysis." *Edwards v. Astrue*, No. 5:07-CV-898, 2010 WL 3701776, *6 (N.D.N.Y. Sept. 16, 2010); *see also Aviles v. Barnhart*, No. 02-CV-4252, 2004 WL 1146055, *7 (E.D.N.Y. May 11, 2004); *Baneky v. Apfel*, 997 F. Supp.

---

[5] The Commissioner does not dispute that Plaintiff's 1992 IQ scores satisfied the valid IQ score requirement of subsection C. *See* Dkt. No. 12 at 9.

[6] The ALJ did not explain the requirements of subsections B and C of Listing 12.05, nor make an explicit finding that Plaintiff failed to meet those requirements, but evidently concluded that Plaintiff did not satisfy the criteria of either subsection after considering Plaintiff's IQ scores, educational history, and ability to perform various daily activities. *See id.*

543, 546 (S.D.N.Y. 1998). This approach is consistent with the introduction to Listing 12.00, which explains that for Listing 12.05, "[f]or paragraph C, we will assess the degree of functional limitation the additional impairment(s) imposes to determine if it significantly limits your physical or mental ability to do basic work activities, i.e., is a 'severe' impairment(s), as defined in §§ 404.1520(c) and 416.920(c)." 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 12.00(A).

In the present matter, the ALJ found that, in addition to a learning disorder, Plaintiff suffered the severe impairments of type two diabetes and diabetic neuropathy. R. at 25. The ALJ did not consider these impairments in determining that Plaintiff failed to meet the second prong of subsection C. *See id.* at 26. The ALJ therefore failed to apply the correct legal standard in determining whether Plaintiff met the requirements of Listing 12.05(C).

Based on the foregoing, the Court finds that remand to permit the Commissioner to apply the proper legal standard and make a specific finding whether Plaintiff's additional limitations satisfy the second prong of Listing 12.05(C) is the appropriate remedy here. *See Antonetti v. Barnhart*, 399 F. Supp. 2d 199, 203 (W.D.N.Y. 2005) ("When there is a question whether the Commissioner correctly applied the criteria set forth in the second prong of Section 12.05C, courts in [the Second Circuit] generally remand the case for further evaluation of the evidence."). Since the ALJ's error at the third step of the sequential evaluation warrants remand, the Court need not address Plaintiff's remaining arguments as to the ALJ's determinations at steps four and five.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

9

**ORDERS** that Plaintiff's motion for judgment on the pleadings is **GRANTED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings is **DENIED**; and the Court further

**ORDERS** that the Commissioner's decision denying disability benefits is **REVERSED** and this matter is **REMANDED** to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g),[7] for further proceedings; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 21, 2014
       Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[7] Sentence four of § 405(g) provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).